UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
FEB 27 2024
FILED

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:23-cr-00053-PB |
| ) | |
| JUSTIN GEBO ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, Jane E. Young, United States Attorney for the District of New Hampshire, and the defendant, Justin Gebo, and the defendant's attorneys, Charles J. Keefe, Esquire, enter into the following Plea Agreement:

1. <u>The Plea and The Offense</u>.

The defendant agrees to plead guilty to Counts One and Two of the Indictment that charges him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm by a person under indictment in violation of 18 U.S.C. § 922(n).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in Section 6 of this agreement. The United States also agrees to move to dismiss Count 3 when the defendant is sentenced.

2. <u>The Statutes and Elements of the Offenses</u>.

A.   With respect to Court One charging possession of a firearm by a convicted felon: Title 18, United States Code, Section 922(g)(1) provides, in pertinent part:

    (g)    It shall be unlawful for any person
              (1) who has been convicted in any court of, a crime

- 1 -

punishable by imprisonment for a term exceeding one year

to … possess in or affecting commerce, any firearm … which has been shipped or transported in interstate or foreign commerce.

18 U.S. § 922(g)(1).

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

<u>First</u>, that the defendant knowingly possessed the firearm described in the indictment. The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive. The word "knowingly" here means that the act was done voluntarily and intentionally, not because of mistake or accident;

<u>Second</u>, that at the time the defendant possessed the firearm, the defendant had been convicted in any court of at least one crime punishable by imprisonment for a term exceeding one year;

<u>Third</u>, that the defendant knew at the time that he possessed the firearm that he had been convicted in any court of at least one crime punishable by imprisonment for a term exceeding one year. The government does not have to prove that the defendant knew it was illegal for him to possess a firearm. But the government does have to prove that the defendant knew that his prior conviction was for a crime punishable by more than a year in prison; and

<u>Fourth</u>, that the firearm, at any time after it was manufactured, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the indictment, need not have been in furtherance of any unlawful activity and need not have occurred while the defendant possessed the firearm.

*See Pattern Criminal Jury Instructions for the District Courts of the First Circuit,* Instruction 4.18.922(g)(1), updated 2/6/2024, available at

https://www.med.uscourts.gov/sites/med/files/crpjiLinks.pdf (D. Me. Internet ed., 2019).

B.  With respect to Count 2, charging possession of a firearm by a person under indictment:

Title 18, United States Code, Section 922(n) provides, in pertinent part:

> It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to … receive any firearm … which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(n).

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

> First, that the defendant knowingly received the firearm described in the indictment. The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive. The word "knowingly" here means that the act was done voluntarily and intentionally, not because of mistake or accident;
>
> Second, that at the time the defendant received the firearm, the defendant was a person under indictment for a crime punishable by imprisonment for a term exceeding one year;
>
> Third, that the defendant knew at the time that he received the firearm that he was a person under indictment for a crime punishable by imprisonment for a term exceeding one year. The government does not have to prove that the defendant knew it was illegal for him to receive a firearm. But the government does have to prove that the defendant knew that he was a person under indictment for a crime punishable by imprisonment for a term exceeding one year; and
>
> Fourth, that the firearm, at any time after it was manufactured, moved from one state to another [or from a foreign country into the United States]. The travel need not have been connected to the charge in the indictment, need not have been in furtherance of any unlawful activity and need not have occurred when the defendant received the firearm.

*See e.g., Pattern Criminal Jury Instructions for the District Courts of the First Circuit,* Instruction 4.18.922(g), updated 2/6/2024, available at https://www.med.uscourts.gov/sites/med/files/crpjiLinks.pdf (D. Me. Internet ed., 2019).[1]

3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

As to Count One, on February 3, 2023, at approximately 1:00 a.m., the car the defendant was driving was stopped by the Laconia Police due to the vehicle's passenger-side license plate light being out. In speaking with the Laconia officer who made the stop, the defendant was asked whether there were any weapons in the vehicle and told the officer in substance that there was an AR-style rifle in the back seat of the car. The officer confirmed with dispatch the defendant's felony-level reckless conduct with a deadly weapon conviction from January 5, 2023, and the defendant was arrested and the firearm seized. The firearm was a 17 Design and Manufacturing ("17 Design"), model 17DM-15, multicaliber rifle, bearing serial number 21-08572.

On January 5, 2023, the defendant had pleaded guilty to one count of class B felony reckless conduct with a deadly weapon in the Merrimack County, New Hampshire, Superior Court. The defendant was represented by counsel when he pleaded guilty to the charge and was

---

[1] There is no First Circuit Pattern Instruction specific to subparagraph (n) of 18 U.S.C. § 922. Rather, the jury instruction included here has been modified from the generic instruction created for the prohibited-person categories found in 18 U.S.C. § 922(g) and which do not have a stand-alone specific pattern instruction. The word "receive" has been inserted in place of the word "possess" in order to track the language of subparagraph (n).

sentenced to 12 months in the House of Corrections, all of which was suspended for a period of four years, as well as two years of probation. A class B felony under New Hampshire is punishable by up to three and a half to seven years in prison.

The ATF nexus analysis reported that the 17 Design rifle traveled in or affected interstate commerce; specifically, the firearm was manufactured in Oklahoma City, Oklahoma.

As to Count Two, on June 3, 2023, special agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") responded along with local and state New Hampshire law enforcement to investigate a separate incident involving a firearm that had occurred in Franklin, New Hampshire. Relevant to this matter, the ATF began investigating the ownership of a recovered firearm, specifically a Ceska Zrojovka ("CZ"), model Scorpion EVO 3 S2, 9x19mm short-barreled rifle, with an attached armbrace, bearing serial number C853854.

ATF traced the ownership of the firearm from its initial sale at Riley's Sport Shop in Hooksett, New Hampshire through several owners and eventually the defendant. Specifically, an individual named Devin Hannagan reported to investigators that he had posted the firearm for sale on his SnapChat account in the fall/early winter 2022 along with pictures of the firearm. He then received an immediate response from the defendant, who requested approximately two weeks to get the money to buy the gun.

Hannagan showed investigators his SnapChat account in which the only saved message was a conversation between Hannagan and the defendant in which Hannagan provided the defendant with his home address in Bristol, New Hampshire. Hannagan stated that he had sent his address to the defendant after they had agreed on a price of $1,000.00 cash for the CZ Scorpion. Thereafter, on January 1, 2023, the defendant and another individual, who was

introduced to Hannagan as the defendant's brother, arrived at Hannagan's home with $1,000.00 cash. The defendant then purchased and took receipt of the CZ Scorpion, along with a red gun case, and two magazines (one of which was loaded), from Hannagan.

Shortly thereafter, on January 5, 2023, the defendant pleaded guilty to the class B felony reckless conduct with a deadly weapon charge as discussed above. The defendant had been indicted on the charge during the September 2022 term of the Merrimack County, New Hampshire, Grand Jury. The indictment was dated September 15, 2022, and charged the defendant with recklessly driving his motorcycle on North Main Street in Franklin at a speed of 70 MPH in a 30 MPH zone while passing vehicles and traveling in the oncoming lane. As previously referenced, a class B felony under New Hampshire is punishable by up to three and a half to seven years in prison.

The ATF nexus analysis reported that the CZ Scorpion traveled in or affected interstate commerce; specifically, the firearm was manufactured in the Czech Republic and imported into the United States in Kansas City, Kansas.

4. Penalties, Special Assessment and Restitution.

The defendant understands that the penalties for the offense are:

A. With respect to Count One, a maximum prison term of 15 years (18 U.S.C. § 924(a)(8) and with respect to Count 2, a maximum prison term of 5 years (18 U.S.C. § 924(a)(1)((D);

B. With respect to Counts One and Two, a maximum fine of $250,000 (18 U.S.C. § 3571);

C. With respect to Counts One and Two, a term of supervised release of not more than 3 years (18 U.S.C. § 3583). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release,

with no credit for time already spent on supervised release; and

D.     A mandatory special assessment of $100 for each count of conviction, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A)).

5. <u>Sentencing and Application of the Sentencing Guidelines</u>.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or his sentence is other than he anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

A.     Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B.     Respond to questions from the Court;

C.     Correct any inaccuracies in the pre-sentence report;

D.     Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6. <u>Sentencing Stipulations and Agreements</u>.

Pursuant to Fed. R. Crim. 11(c)(1)(B), the United States and the defendant stipulate and

agree to the following:

- The United States will recommend that the defendant be sentenced within the applicable advisory sentencing guidelines range as determined by the Court.

The defendant understands that the Court is not bound by the foregoing agreements and, with the aid of a pre-sentence report, the Court will determine the facts relevant to sentencing. The defendant also understands that if the Court does not accept any or all of those agreements, such rejection by the Court will not be a basis for the defendant to withdraw his guilty plea.

The defendant understands and agrees that the United States may argue that other sentencing enhancements should be applied in determining the advisory guideline range in this case, and he is permitted to object to them.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. <u>Acceptance of Responsibility</u>.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A. Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

B.    Challenges the United States' offer of proof at any time after the plea is entered;

C.    Denies involvement in the offense;

D.    Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E.    Fails to give complete and accurate information about his financial status to the Probation Office;

F.    Obstructs or attempts to obstruct justice, prior to sentencing;

G.    Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H.    Fails to appear in court as required;

I.    After signing this Plea Agreement, engages in additional criminal conduct; or

J.    Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level

- 9 -

by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8. <u>Waiver of Trial Rights and Consequences of Plea</u>.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him. The defendant also understands that he has the right:

A. To plead not guilty or to maintain that plea if it has already been made;

B. To be tried by a jury and, at that trial, to the assistance of counsel;

C. To confront and cross-examine witnesses;

D. Not to be compelled to provide testimony that may incriminate him; and

E. To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9. <u>Acknowledgment of Guilt; Voluntariness of Plea</u>.

The defendant understands and acknowledges that he:

A. Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

B. Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

- C. Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

- D. Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

- E. Is completely satisfied with the representation and advice received from his undersigned attorney.

10. <u>Scope of Agreement</u>.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11. <u>Collateral Consequences</u>.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending

his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

12. <u>Satisfaction of Federal Criminal Liability; Breach</u>.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the indictment in this case.

The defendant understands and agrees that, if after entering this Agreement, he fails specifically to perform or fulfill completely each one of his obligations under this Agreement, fails to appear for sentencing, or engages in any criminal activity prior to sentencing, he will have breached this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made

to dismiss charges, forbear prosecution of other crimes, or recommend a specific sentence or a sentence within a specified range. The defendant also understands that he may not use his breach of this Agreement as a reason to withdraw his guilty plea or as a basis to be released from his guilty plea.

13. <u>Forfeiture</u>.

The defendant agrees to immediately and voluntarily forfeit to the United States his interest, if any, in any and all assets subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as a result of his guilty plea, including, but not limited to: (A) one Ceska Zrojovka, model Scorpion EVO 3 S2, 9x19mm short-barreled rifle, with an attached armbrace, bearing serial number C853854; (B) one 17 Design and Manufacturing, model 17DM-15, multicaliber rifle, bearing serial number 21-08572; (C) 21 rounds of Belom ammunition bearing headstamp "7.62x39 BELOM"; and (D) 1 round of Remington ammunition, bearing headstamp "R-P 7.62x39mm" ("Forfeitable Property").

The defendant further agrees:

A. Not to contest any administrative, civil or criminal forfeiture proceedings commenced against the Forfeitable Property. Defendant waives the 60- or 90-day notice requirement under 18 U.S.C. § 983 for administrative forfeiture. Defendant shall withdraw any and all claims and/or petitions for remission for all or part of the Forfeitable Property filed personally or on his behalf by any other individual or entity, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property;

B. That none of the forfeitures set forth in this section shall be deemed to satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon the defendant, nor

shall the forfeitures be used to offset the defendant's tax liability or any other debt owed by the defendant to the United States;

C. To waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (i) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (ii) the Court's failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) at the change of plea hearing; and, (iii) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case;

D. To waive and release any and all claims he may have to any property seized by the United States, or any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, whether forfeited or not; and

E. To hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution of this case.

The defendant acknowledges that the properties to be forfeited under this section are subject to forfeiture as used, or intended to be used, in any manner or part, to commit, or to

facilitate the commission of the illegal conduct.

14. <u>Waivers</u>.

A. Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1. His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is within or lower than, the guideline range determined by the Court.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, *e.g.*, a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1. His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is within or lower than, the guideline range determined by the Court.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

14. <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

15. <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by

the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

16. <u>Agreement Provisions Not Severable</u>.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

JANE E. YOUNG

United States Attorney

Date: 2/27/24

By: Geoffrey W.R. Ward
Assistant United States Attorney
N.H. Bar ID: 18367
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
geoffrey.ward@usdoj.gov
(603) 225-1552

The defendant, Justin Gebo, certifies that he has read this 15-page Plea Agreement and that he fully understands and accepts its terms.

Date: 2/27/24

Justin Gebo, Defendant

I have read and explained this 17-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 2/27/24

Charles J. Keefe, Esquire
Attorney for Justin Gebo

- 17 -