UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.               )<br>)<br>JUSTIN GEBO           )<br>_____) | No. 1:23-cr-00053-PB |

### GOVERNMENT'S SENTENCING MEMORANDUM

While under state felony indictment for reckless conduct with a deadly weapon the defendant purchased on SnapChat a Ceska Zbrojovka ("CZ") model Scorpion EVO 3 S2 9x19mm short-barreled rifle. Following his guilty plea to that felony offense, the defendant was later stopped by the Franklin Police and a second firearm, a 17 Design and Manufacturing ("17 Design"), model 17DM-15, multicaliber rifle was seized from the backseat of his vehicle. At that time the defendant had been convicted of the state felony offense and was on state probation where he was regularly testing positive and admitting to using various narcotic drugs. The CZ Scorpion would then later be recovered from a homicide scene in Franklin, New Hampshire. The defendant's prohibited possession of these two rifles, his criminal record, his ongoing drug use at the time, and the fact that the CZ Scorpion ended up at a homicide scene, warrant a sentence of 37 months' imprisonment in this case, which represents a sentence within the advisory guideline range.

### The Offenses[1]

On or about September 15, 2022, the Merrimack County New Hampshire Grand Jury indicted the defendant on one count of class B felony reckless conduct with a deadly weapon, contrary to N.H. RSA 631:3. Specifically, the indictment charged the defendant with recklessly

---

[1] The facts in this pleading are taken from the discovery provided to the defendant in this matter.

driving his motorcycle on North Main Street in Franklin at a speed of 70 MPH in a 30 MPH zone while passing vehicles and traveling in the oncoming lane.  The defendant was represented by counsel in that matter.  He later pleaded guilty to the charge on January 5, 2023, and was sentenced to 12 months in the House of Corrections, all of which was suspended for a period of four years, as well as two years of probation.  A class B felony in New Hampshire is punishable by up to 3 ½ to 7 years in prison.

### A. The Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") Investigation

      i.  *Recovery of the CZ Scorpion and Subsequent Trace*

On June 3, 2023, officers recovered the CZ Scorpion as well as spent shell casings from the CZ Scorpion at a homicide scene in Franklin, New Hampshire.  Jamie Bell had shot and killed N.H., age 35, and A.B., age 18 months.  Bell also shot and wounded N.H.'s five-year-old daughter.  Bell subsequently committed suicide by way of a self-inflicted knife wound.  At the time Bell was a convicted felon, and therefore prohibited from possessing firearms.

The ATF subsequently conducted an urgent trace of the CZ Scorpion and learned that it was sold as a pistol by Riley's Sports Shop, a federal firearms licensee ("FFL") in Hooksett, New Hampshire on or about April 20, 2019, to N.S.  N.S. was interviewed and stated that he later sold the CZ Scorpion to Abe's Awesome Armament ("Abe's"), an FFL in New Hampton, New Hampshire in July or August 2022.  According to Abe's, they bought the CZ Scorpion on or about July 30, 2022.  Abe's records then showed that the CZ Scorpion was sold to a former employee, E.B., on or about September 7, 2022.

E.B. was interviewed and stated that in October 2022, he sold the CZ Scorpion, by way of a private sale, to his neighbor D.H.  On June 6, 2023, ATF agents interviewed D.H.  D.H. confirmed that he had purchased the CZ Scorpion from E.B. in the fall of 2022.  D.H. stated that

2

he later sold the CZ Scorpion to the defendant on January 1, 2023. D.H. stated that he had posted the gun for sale on his SnapChat account and received a response from the defendant in which he stated he wanted to purchase the firearm.

During a subsequent recorded interview with D.H. on June 7, 2023, he identified the defendant as the individual to whom he sold the CZ Scorpion during a blind photo array administered by an officer with the Bristol Police Department. D.H. also showed ATF agents his SnapChat account in which the only saved message was a conversation between D.H. and the defendant in which D.H. provided the defendant with his home address. D.H. stated that he had sent his address to the defendant after they had agreed on a price of $1,000.00 cash for the CZ Scorpion. D.H. stated that after he had posted the gun for sale on SnapChat along with pictures of the firearm, he received an immediate response from the defendant, who requested approximately two weeks to get the money to buy the gun.

D.H. went on to tell ATF agents that he met the defendant in the summer of 2021 and knew him through numerous mutual acquaintances in the vehicle-repair business in central New Hampshire. D.H. stated that he had previously worked on vehicles belonging to the defendant, including a motorcycle and a Subaru.

According to D.H., on January 1, 2023, the defendant and another individual, who was introduced to D.H. as the defendant's brother, arrived at D.H.'s home with $1,000.00 cash. D.H. then sold the CZ Scorpion, along with a red gun case, and two magazines (one of which was loaded) to the defendant. The firearm is pictured below:



As discussed, at the time he purchased the CZ Scorpion from D.H. on January 1, 2023, the defendant was under indictment for a felony crime punishable by imprisonment for a term exceeding one year. The ATF nexus analysis reported that the CZ Scorpion traveled in or affected interstate commerce; specifically, the firearm was manufactured in the Czech Republic and imported into the United States in Kansas City, Kansas.

B. **The Defendant's Laconia Arrest**

As previously discussed, the defendant pleaded guilty in Merrimack County Superior Court to the felony offense of Reckless Conduct with a Deadly Weapon on or about January 5, 2023.

Thereafter, on February 3, 2023, at approximately 1:00 a.m., the car the defendant was driving was stopped by the Laconia Police due to the vehicle's passenger-side license plate light being out. In speaking with the Laconia officer who made the stop, the defendant was asked whether there were any weapons in the vehicle and told the officer in substance that there was an AR-style rifle in the back seat of the car. The officer confirmed with dispatch the defendant's felony-level reckless conduct with a deadly weapon conviction from January 5, 2023, and the defendant was arrested and the firearm seized. The firearm was the 17 Design multicaliber rifle.

4

The firearm was loaded and the safety was set to "fire" as opposed to "safe." The firearm is pictured below:



The ATF nexus analysis reported that the 17 Design rifle traveled in or affected interstate commerce; specifically, the firearm was manufactured in Oklahoma City, Oklahoma.

At the time of his arrest by the Laconia Police Department the defendant was on state probation supervision during which he frequently admitted to the use of illegal narcotic drugs or tested positive for using illegal narcotic drugs, including o the day of his arrest. *See* Presentence Investigation Report, Doc. 30 at ¶ 41 (defendant tested positive for methamphetamine on February 3, 2023). The defendant's drug use while on probation would continue until the time of his arrest on these charges. *See* PSR at ¶ 68.

## The Guidelines

The United States agrees with the probation officer's calculation of the guideline sentencing range. Based on a total offense level of 17 (after deducting 3 points for acceptance of responsibility), and a criminal history category of III, the guideline imprisonment range for the defendant is 30 to 37 months. PSR at ¶ 82. As such, and as discussed in further detail below, the

Government's within-guidelines proposed sentence of 37 months' imprisonment is sufficient, but not greater than necessary to achieve the goals of sentencing.

Under *United States v. Booker*, 543 U.S. 220, 245 (2005), the Sentencing Guidelines are merely advisory. Nonetheless, at sentencing, "district courts are still required to 'begin all sentencing proceedings by correctly calculating the applicable Guidelines range.'" *United States v. Millan-Isaac*, 749 F.3d 57, 66 (1st Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). "[C]orrectly calculating the GSR serves an important function; it provides a 'framework or starting point' to guide the exercise of the court's discretion." *Millan-Isaac*, 749 F.3d at 66 (quoting *Freeman v. United States*, 564 U.S. 522, 529 (2011)). After giving both parties an opportunity to be heard, the district court should then consider all of the factors under 18 U.S.C. § 3553(a) to fashion an appropriate sentence. *See Gall*, 552 U.S. at 49-50.

The 18 U.S.C. § 3553(a) factors include: "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the "need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(1) & (2).

## Nature and Circumstances of the Offense

Here, the nature and circumstances of the offenses, as recounted above, merit the imposition of a within-guidelines sentence. The defendant's actions in purchasing a firearm while under felony indictment, and about a month after pleading guilty to that felony offense possessing a second rifle, merit the Government's requested 37-month term of imprisonment.

## The Defendant's History and Characteristics

The defendant's history and characteristics include no mitigating factors. His criminal history has included repeated violent conduct. PSR at ¶ 36 (assaulted landlord in confrontation

over late rent); PSR at ¶ 38 (engaged in physical altercation following a motor vehicle accident); PSR at ¶ 40 (assaulted bar employee and spit blood onto bar employee's face and eyes).

The defendant is frequently uncooperative with law enforcement. PSR at ¶ 36 (argumentative and did not comply with officer's instructions); PSR at ¶ 37 (uncooperative and argumentative with officer); PSR at ¶ 38 ("while being handcuffed, got up and ran around, yelling and swearing"); PSR at ¶ 38 (had previously been warned by police about stalking and witness tampering).

The defendant was also on state probation supervision at the time he was stopped by the Laconia Police with the 17 Design rifle in his possession. As discussed, he tested positive for using methamphetamine the same day as that arrest and continued to test positive for drug use for several months up until the day of his arrest in this matter.

The defendant's felony reckless conduct indictment was also not the first time he was prohibited from possessing firearms. He had previously been the subject of a protective order in which the plaintiff had alleged that the defendant discharged a firearm in close proximity to the plaintiff's home and as a result of the final protective order the defendant had to relinquish a firearm and ammunition. PSR at ¶ 56.

The defendant's assaultive conduct has continued even during his detention following his arrest in this matter. On October 24, 2023, the defendant was removed from the Strafford County House of Corrections Therapeutic Community Program due to a physical altercation with another inmate. PSR at ¶ 6. Then, on February 2, 2024, the defendant assaulted another inmate. PSR at ¶ 7.

While the defendant has engaged in substance misuse, such a history is not unique to this defendant and does not constitute extraordinary circumstances that would warrant a downward

variance or departure. He has been provided multiple opportunities for drug treatment but was still using at the time of his arrest on these charges. PSR at ¶ 36 (ordered to comply with the DATA program)[2]; PSR at ¶ 38 (ordered to comply with the DATA program); PSR at ¶ 41 (ordered to participate in counseling and treatment as directed by Probation); PSR at ¶ 69 (attended AA and NA meetings). In sum, this defendant's personal history does not constitute grounds for a variance or departure.

The Remaining § 3553 Factors

This Court must impose a sentence that is sufficient, but not greater than necessary to achieve the goals of sentencing after considering a host of factors. Among them are the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(2), (6). Given the defendant's criminal history and his repeated conduct of unlawful acquiring firearms, the sentence imposed here should send a strong message to promote respect for the law and afford adequate deterrence, both to the defendant and others in the District of New Hampshire who would engage in similar conduct.

This case is illustrative of the rationale for barring felons and those under felony indictment from possessing firearms. Those facing felony charges simply cannot be trusted with guns and the path of the CZ Scorpion illustrates why and the deadly consequences that can result. With the defendant's purchase of the CZ Scorpion on SnapChat, the short-barreled rifle moved from a previously legitimate stream of commerce to the defendant's unlawful possession

---

[2] The Merrimack County DATA (Diagnosing and Treating Addition) program "works to provide offenses with the opportunity to have a screening/assessment conduct at an affordable rate by a Master Licensed Alcohol and Drug Counselor (MLADC) and/or Licensed Clinical Mental Health Counsel (LCMHC), with follow up treatment services." https://www.merrimackcounty.net/departments/human_services/adult_diversion/programs.php (accessed June 3, 2024).

and thus an illegitimate stream of commerce where it ultimately ended up in the hands of a convicted felon and was used to commit a heinous crime. As such, a sentence imposed of 37 months' imprisonment reflects the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

## Conclusion

Therefore, in light of the foregoing, the United States respectfully asks that this Court impose a withing-guidelines sentence of 37 months' imprisonment, followed by three years of supervised release.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Dated: June 3, 2024

By: */s/ Geoffrey W.R. Ward*
Geoffrey W.R. Ward
Assistant United States Attorney
N.H. Bar ID: 18367
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
geoffrey.ward@usdoj.gov
(603) 225-1552